IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02244-BNB

ANTHONY BUSSIE,

Plaintiff,

v.

ROBERT E. ANDREWS, Congressman, and
CONGRESS - SENATE, and
COMMITTEE ON ETHIC - SUBCOMMITTEE,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Anthony Bussie, is in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Detention Center in Philadelphia, Pennsylvania. He initiated this action by filing ***pro se*** a Prisoner Complaint. Mr. Bussie has been granted leave to proceed pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee.

The Court must construe Mr. Bussie's Complaint liberally because he is representing himself. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the ***pro se*** litigant's advocate. ***Hall***, 935 F.2d at 1110. For the reasons stated below, Mr. Bussie will be directed to file an amended complaint.

In the Complaint, Mr. Bussie sues a Congressman, the United States Senate, and a Congressional sub-committee. He does not allege any intelligible facts in the Complaint to support a federal claim for relief. Plaintiff seeks monetary and injunctive

relief.

The Complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. ***See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. ***See TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." In order for Mr. Bussie to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). It is the Plaintiff's responsibility to present his claims in a manageable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims.

Members of Congress and Congressional committees enjoy absolute immunity from a civil suit for damages for performance of their legislative functions. ***See***

***Eastland v. U.S. Servicemen's Fund***, 421 U.S. 491 (1975); ***Gravel v. United States***, 408 U.S. 606 (1972). Accordingly, it is

ORDERED that Plaintiff, Anthony Bussie, file **within thirty days from the date of this order** an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure and otherwise complies with the directives of this order. It is

FURTHER ORDERED that Mr. Bussie may obtain copies of the court-approved Prisoner Complaint form (with the assistance of his case manager of the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Bussie fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED August 26, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge