IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02244-BNB

ANTHONY BUSSIE,

    Plaintiff,

v.

ROBERT E. ANDREWS, Congressman, and
CONGRESS - SENATE, and
COMMITTEE ON ETHIC - SUBCOMMITTEE,

    Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, Anthony Bussie, is in the custody of the Federal Bureau of Prisons at the Federal Detention Center in Philadelphia, Pennsylvania. He initiated this action by filing *pro se* a Prisoner Complaint. Mr. Bussie has been granted leave to proceed pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee.

On August 26, 2013, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure and sued members of Congress and Congressional committees, who enjoy absolute immunity from suit. Accordingly, Magistrate Judge Boland directed Mr. Bussie to file an amended complaint within thirty days of the August 26 Order. The August 26 Order was returned to the Court on September 17, 2013, as undeliverable because the envelope contained a partially incorrect address. Accordingly, on October 1, 2013, Magistrate Judge Boland directed the clerk of the court to resend the August 26 Order to Mr. Bussie at the correct address and granted

Plaintiff an additional thirty days to file his amended complaint.  Mr. Bussie did not file an amended complaint by the court-ordered deadline.

Because Mr. Bussie failed to comply with the August 26 Order, the Court could dismiss this action without prejudice for failure to prosecute or for failure to comply with Fed. R. Civ. P. 8.  However, the Court finds that the interests of justice are better served by dismissal of the Prisoner Complaint, with prejudice, because this is the second time Mr. Bussie has filed a lawsuit against Congressmen and Congressional committees. *See Bussie v. Congress Committee on Ethics, et al.*, Case No. 13-cv-01433-LTB (dismissed without prejudice on August 15, 2013 for failure to prosecute and under Fed. R. Civ. P. 8).

Mr. Bussie has been granted leave to proceed without payment of an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2011).  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Complaint liberally because Mr. Bussie does not have counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.

The Complaint names as Defendants a Congressman, the United States Senate, and a Congressional sub-committee.  Mr. Bussie does not allege any intelligible facts in

the Complaint to support a federal claim for relief against any other entity or individual.

Members of Congress and Congressional committees enjoy absolute immunity from a civil suit for damages for performance of their legislative functions. *See Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491 (1975); *Gravel v. United States*, 408 U.S. 606 (1972). This action will be dismissed because Mr. Bussie seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). Accordingly, it is

ORDERED that the Complaint and action are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). It is

FURTHER ORDERED *in forma pauperis* status will be denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  12th  day of   November  , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court